J. Scott Williams, Esq., Bar No. 110173
THE WILLIAMS LAW FIRM, PLC
15615 Alton Pkwy, Suite 450
Irvine, CA 92618
Telephone (949) 660-8680
Facsimile (866) 284-8670

H. Vaughn Hapeman, SBN 057225
LAW OFFICES OF H. VAUGHN HAPEMAN
15615 Alton Parkway, Suite 175
Irvine, CA 92618
949/756-0161

Counsel for Debtor
And Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re

ROYA V. KAFAI,

         Debtor

Case No. 8:09-bk-13598-RK

Chapter 11

**Debtor's Motion to Dismiss Her Chapter 11 Case**

<u>Hearing</u>
Date: February 1, 2011
Time: 2:30 p.m.
Courtroom: 5D

Debtor Roya V. Kafai hereby moves to dismiss the above captioned case.

### Introduction

Debtor filed the above captioned case on April 23, 2009. Her assets consisted principally of four houses, a Santa Monica, California 7 unit apartment building and a small Norco, California retail and office building property and claims against various parties. The real estate property legal description of these

properties is attached hereto as Exhibit 1. Prior to her bankruptcy case filing, her Norco property was the subject of a receivership in Case number RIC 503715 pending in the Superior Court for the County of Riverside, California referenced in Exhibit 2 hereto. On June 26, 2009 she removed to the bankruptcy court the lawsuit referenced in Exhibit 2 hereto in which she cross claimed against various parties including Center Bank. The lawsuit is presently a related proceeding in this Court under Adversary Number 8:09-ap-01659-RK.

Debtor's houses have no equity and her Santa Monica and Norco properties have a value not in excess of the sum of liens, including property taxes, to which the properties are subject and costs of sale. She filed six disclosure statements proposing a plan of reorganization. She filed six disclosure statements proposing a plan of reorganization. Debtor's major secured creditor, Center Bank, who holds liens on both the Norco and Santa Monica properties securing an indebtedness presently in excess of the amount of $7,708,000, objected to all of the statements on which hearings were held on numerous grounds relating to feasibility and compliance with the requirements of the Bankruptcy Code applicable to Chapter 11 plans.

The debt to Center Bank continues to accrue at a rate of approximately $50,000 a month. Administration costs of Debtor's case continue to accrue in an amount which is unlikely to be paid from the projected cash flow from the Debtor's properties. Center Bank contends that no plan can be proposed by Debtor which has a reasonable likelihood of confirmation. Debtor has been unable to obtain alternate financing of her properties. Several motions for relief from stay regarding her houses have been granted and foreclosures have commenced and are continuing. Although a prior motion for relief from stay early in this case by Center Bank was denied by the Court, the subsequent accrual of liabilities and failure of the Debtor to propose a plan has increased the possibility that the Court may grant relief from stay in a renewed motion for relief from stay by Center

1  Bank. The Debtor's estate will be required to comply with complex income tax
2  requirements if it continues.
3        Center Bank has indicated that it believes that Debtor's case should be
4  converted to Chapter 7. If this case were converted to Chapter 7 Debtor would
5  lose control of the litigation in the law suit against Center Bank and others pending
6  in the state court case referenced in Exhibit 2 hereto. Debtor believes that it would
7  not be productive to continue to attempt reorganization in this Chapter 11 case and
8  that it would be in the best interest of creditors to dismiss this case and continue
9  with her attempts to recover in the pending litigation.

10 **Argument**

11       Section 1112(b) of the Bankruptcy Code provides that the Court shall
12 convert a case under Chapter 11 to a case under Chapter 7 or dismiss a Chapter 11
13 case whichever is in the best interests of creditors and the estate if a movant
14 establishes cause. Cause justifying conversion or dismissal includes absence of a
15 reasonable likelihood that a plan will be confirmed within a reasonable period of
16 time.
17       Debtor contends that dismissal of this case would be in the best interest of
18 the estate because it would terminate the accrual of administration costs and allow
19 Debtor to control the ongoing litigation for the benefit of her unsecured creditors.
20 Dismissal is proper when reorganization is not likely and litigation is already
21 pending in state court. *In re Gonic Realty Trust,* 909 F.2d 624, 627 (1st Cir. 1990).
22 A review of claims in this case indicates that the properly assertable prepetition
23 unsecured claims in issue against Debtor may be less than $300,000. See Exhibit 3
24 attached. Conversion of this case would require the appointment of a Chapter 7
25 trustee who would control the pending litigation and may settle it for less than its
26 actual worth and could incur significant administrative costs and fees.
27       The prior proceedings regarding attempts to propose a plan indicate that it
28 would be technically difficult to satisfy the requirements to confirm a plan and
even if a plan were confirmed there would be appeals which would leave unsettled

the validity of the plan for years and potentially hundreds of thousands of dollars in additional attorney fees and costs would be incurred before a final determination as to Debtor's ability to reorganization could be determined. The appointment of a Chapter 7 trustee would potentially cause the incurrence of fees and costs which would consume any potential of recovery for Debtor's creditors.

Debtor believes that the foregoing constitutes cause for dismissal within the meaning of Bankruptcy Code § 1112 and justifies dismissal rather than conversion of this case.

Debtor requests relief as follows:

1. Dismissal of this case;
2. Entry of an order, to be issued and recorded in the appropriate real estate records of Los Angeles and Riverside Counties prior to dismissal, providing for relief from stay under Title 11 U.S.C. § 362 binding in any other bankruptcy case affecting the Santa Monica and Norco real properties filed not later than 2 years after the date of entry of the relief from stay order;
3. Remand of Adversary Proceeding Number 8:09-ap-01659-RK to the state court from which it was removed;
4. Annulment of the automatic stay under Title 11 U.S.C. § 362 insofar as it relates to the receivership proceeding referenced in Exhibit 2 hereto.

Submitted: January 3, 2011

        THE WILLIAMS LAW FIRM, PLC
        By /s/ J. Scott Williams
        J. SCOTT WILLIAMS,
        Counsel for Debtor
        And Debtor-in-Possession

# DECLARATION OF ROYA V. KAFAI

I, ROYA V. KAFAI, declare as follows:

1.  I am the Debtor and Debtor in Possession in the above-captioned Chapter 11 case. The matters stated herein are within my own personal knowledge and belief, and if called as a witness, I would competently testify to the same. This declaration is submitted in support of my Motion to Dismiss Chapter 11 Case.

2.  On or about April 23, 2009, I filed a voluntary petition under Chapter 11 of the Bankruptcy Code. I am the Debtor and Debtor-in-Possession in this case.

3.  My assets consist principally of four houses, a Santa Monica, California 7 unit apartment building and a small Norco, California retail and office building property and claims against various parties. The real estate property legal description of these properties is attached hereto as Exhibit 1. Prior to my bankruptcy case filing, my Norco property was the subject of a receivership in Case number RIC 503715 pending in the Superior Court for the County of Riverside, California referenced in Exhibit 2 hereto. On June 26, 2009 I removed to the bankruptcy court the lawsuit referenced in Exhibit 2 hereto in which I cross claimed against various parties including Center Bank. The lawsuit is presently a related proceeding in this Court under Adversary Number 8:09-ap-01659-RK.

4.  My houses have no equity and my Santa Monica and Norco properties have a value not in excess of the sum of liens, including property taxes, to which the properties are subject and costs of sale. I filed six disclosure statements proposing a plan of reorganization. My major secured creditor, Center Bank, who holds liens on both the Norco and Santa Monica properties securing an indebtedness presently in excess of the amount of $7,708,000, objected to all of the statements on which hearings were held on numerous grounds relating to feasibility and compliance with the requirements of the Bankruptcy Code applicable to Chapter 11 plans.

5. The debt to Center Bank continues to accrue at a rate of approximately $50,000 a month. Administration costs of my case continue to accrue in an amount which is unlikely to be paid from the projected cash flow from my properties. Center Bank contends that no plan can be proposed by me which has a reasonable likelihood of confirmation. I have been unable to obtain alternate financing of my properties. Several motions for relief from stay regarding my houses have been granted and foreclosures have commenced and are continuing. Although a prior motion for relief from stay early in this case by Center Bank was denied by the Court, the subsequent accrual of liabilities and failure to propose a confirmable plan has increased the possibility that the Court may grant relief from stay in a renewed motion for relief from stay by Center Bank. My estate will be required to comply with complex income tax requirements if it continues.

6. Center Bank has indicated that it believes that my case should be converted to Chapter 7. If this case were converted to Chapter 7 I would lose control of the litigation in the law suit against Center Bank and others pending in the state court case referenced in Exhibit 2 hereto. I believe that it would not be productive to continue to attempt reorganization in this Chapter 11 case and that it would be in the best interest of creditors to dismiss this case and continue with my attempts to recover in the pending litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of January, 2011 at Irvine, California.

/s/ Roya V. Kafai

ROYA V. KAFAI

# **PROOF OF SERVICE**

### **In re Roya V. Kafai**
### **Bankruptcy Case No. 8:09-bk-13598-RK**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  15615 Alton Pkwy, Suite 175, Irvine, California 92618.

A true and correct copy of the foregoing document described as Debtor's Motion to Dismiss Her Chapter 11 Case will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On January 3, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On January 3, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/3/2011 | J. SCOTT WILLIAMS | /s/ J. Scott Williams |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**PROOF OF SERVICE**
**In re Roya V. Kafai**
**Bankruptcy Case No. 8:09-bk-13598-RK**
**(Continuation Page)**

I. <u>Served via NEF</u>:

- Craig C Chiang    cchiang@buchalter.com
- Joey Deleon    joey.deleon@att.net
- Clare Gadd    cgadd@mosscodilis.com
- Jose A Garcia    ecfcacb@piteduncan.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- H Vaughn Hapeman    vaughn@hvhlaw.com
- Clifford P Jung    clifford@jyllp.com, info@jyllp.com
- David F Makkabi    cmartin@pprlaw.net, dmakkabi@pralc.com
- Elmer D Martin    elmermartin@gmail.com
- Christopher M McDermott    ecfcacb@piteduncan.com
- Lee S Raphael    cmartin@pprlaw.net
- Cassandra J Richey    cmartin@pprlaw.net
- Ramesh Singh    claims@recoverycorp.com
- Eric J Testan    ecfcacb@piteduncan.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- J Scott Williams    jwilliams@williamsbkfirm.com

II. <u>Served via US Mail</u>:

(See attached list.)